WALTER E. HELLER & CO. *v.* CAPITAL CITY SUPPLY CO.

ATKINSON, Presiding Justice. The General Seating Company a manufacturer, contracted in parol with the Capital City Supply Company as dealer, whereby the dealer should sell products of the manufacturer whose remuneration for making sales and installing the products sold should be that the dealer would "receive as its earnings on these sales the contract price less its dealer price and freight and hauling charges, installation charges, and finance charges." In pursuance of the agreement the dealer in its own name sold and installed products of the manufacturer to the Garden Theater Company and the Peachtree Theater Company, under contract reserving title, accepting part payment of purchase-price at the date of contract, and purchase-money notes for the balance, payable in monthly installments. The manufacturer accepted written transfer of the contracts of sale, and directed transfer by the dealer of the purchase-money notes to Walter E. Heller & Company, a financing corporation with which the manufacturer had an existing contract for discounting and sales of notes, securities, and other kinds of its receivables. The notes in question were transferred as directed. In the transfer the dealer guaranteed payment of the notes. *Held:*

1. Remuneration to the dealer was contingent upon the dealer's making sales, and the amount of compensation was dependent upon the price he should obtain. In all the circumstances, the dealer acquired an equitable interest in the purchase-price, on the basis of full performance of his contract by making the sales and installing the goods, and transfer of the notes and security.

(a) The relation of the dealer to the manufacturer was not that of a mere general creditor.

(b) By his guaranty the dealer, though holding the equitable interest in the notes, became liable as a guarantor to the finance company to the extent of its interest acquired by the transfer.

2. After transfer of the notes to the finance company, the manufacturer, without the knowledge or consent of the dealer, transferred to Woodruff & Edwards Company a described interest in the notes, in disregard of the equitable interest of the dealer. The manufacturer went into bankruptcy. In a suit by the dealer against the manufacturer and the several transferees, instituted before maturity of all the notes, on the basis of his equitable interest in the notes, to enjoin further payment of the notes by the makers, and for appointment of a receiver to collect the balance due on the notes and apply the proceeds after discharge of the debt due to the finance company, which the dealer had guaranteed, the judge did not err, on the pleadings and the evidence, in granting an injunction and appointing a receiver.

*Judgment affirmed. All the Justices concur.*

696

No. 13979.   MARCH 14, 1942.   REHEARING DENIED MARCH 30, 1942.

*A. A. Baumstark* and *Paul Ginsberg,* for plaintiff in error.
*Wellborn R. Ellis* and *Abe Fitterman,* contra.